IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHARON R. BALL                                                                PLAINTIFF

v.                          Civil No. 04-6066

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sharon R. Ball, appealed to this Court from the denial of her applications for social security disability benefits by the Commissioner of the Social Security Administration (Doc. #1). On August 30, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #9 & 10).

Plaintiff's attorney, Shannon Muse Carroll, filed an Application For Attorney's Fees Under *The Equal Access to Justice Act*, (hereinafter the "*EAJA*"), on October 16, 2005 (Doc. #11 & 12). The Commissioner responded on October 21, 2005 (Doc. #13). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff was the prevailing party in this matter. The Commissioner, however, objects to counsel's application for attorney's fees based upon counsel's failure to keep contemporaneous time records. In the alternative, the Commissioner objects to counsel's application based upon counsel's practice of billing in quarter-hour increments. The

AO72A
(Rev. 8/82)

Commissioner argues that the time records submitted by plaintiff's counsel are inconsistent with the docket report such that counsel failed to satisfy her burden of proving that the time claimed was reasonable or reasonably spent on the litigation for which fees are sought. (Doc. #13, pp. 1-3). A copy of the Docket Report is attached to Defendant's Response (Doc. #13, Attachment #1). The Defendant's response goes on to point to specific dates on the Docket Report which establish counsel's time records were not created contemporaneously with any of the relevant pleadings. Thus, she respectfully objects to plaintiff's application and requests that the undersigned deny counsel's application for for attorney fees (Doc. #13, p. 1). The defendant argues that the application for fees should be denied, however, she alternatively argues that the number of hours for which compensation is sought she be reduced due to excessive billing (Doc. #13, pp. 3-5).

An award of attorney's fees under the *EAJA* can be appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the

AO72A
(Rev. 8/82)

prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984)*.

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood, 487 U.S. 552, 573 (1988)*. The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A)*. However, the *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B)*. Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with

-3-

"contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Counsel's EAJA pleadings were filed of record on October 16, 2005 (Doc. #11-12). The Commissioner filed her very detailed response on October 21, 2005 (Doc. #13). Despite ample time to do so, Plaintiff's counsel has failed to: reply to the Commissioner's objections; file an amended itemization of her time records; or, offer any explanation of the deficiencies within her time records.

The deficiencies are numerous and continue throughout counsel's itemization. Counsel's itemization is contained within the text of her affidavit wherein she asserts that her time spent on the case was recorded contemporaneously with the work which was performed. Counsel submits that she prepared and filed the complaint in this case on June 12, 2004 (Doc. #11, Attachment #1, p. 2). However, the docket sheet reflects that the complaint was actually filed on May 26, 2004, more than two weeks before the drafting is reflected in the itemization (Doc. #13, attachment #1, p. 2). Counsel reports that she reviewed the order of reference on July 22, 2004 (Doc. #11, Attachment #1, p. 2). Yet, the docket sheet reflects that the order of reference was filed, more than a month earlier, on June 10, 2004 (Doc. #13, attachment #1, p. 2). Counsel's itemization indicates that she reviewed the transcript and answer on August 20, 2004 (Doc. #11, Attachment #1, p. 2). The transcript and answer were actually filed of record on July 15, 2004 (Doc. #13, attachment #1, p. 2).

Plaintiff's counsel's appeal brief was due to be filed on August 14, 2004, and was timely filed on August 12, 2004 (Doc. #13, attachment #1, p. 2). However, counsel's

-4-

AO72A
(Rev. 8/82)

itemization indicates that on September 15, 2004, she prepared a motion for extension of time and had a telephone conference regarding same with the United States Attorney's Office (Doc. #11, Attachment #1, p. 2). Additionally, counsel's itemization reflects that she reviewed the order of extension of time within which to file her brief on September 27, 2004 (Doc. #11, Attachment #1, p. 2). While the docket sheet reflects that Plaintiff's brief was timely filed, the docket sheet does not reflect any such motion for extension of time or order granting same being filed in this case (Doc. #13, attachment #1, p. 2). Despite the Plaintiff's brief being filed on August 12, 2004, Counsel's itemization alleges that she prepared the brief on October 8, 2004, nearly two months after the brief was filed. (Doc. #11, attachment #2, p. 2; Doc. #13, attachment #1, p. 2).

Likewise, Defendant's appeal brief was filed of record on September 13, 2004, yet Counsel asserts that she reviewed the defendant's brief and considered filing a responsive brief on November 22, 2004 (Doc. #11, attachment #2, p. 3; Doc. #13, attachment #1, p. 2). The undersigned filed the memorandum opinion and judgment in this case on August 30, 2005 (Doc. #9 & 10). Yet, Counsel alleges that she reviewed these documents on January 14, 2005, more than 8 months prior to the date they were filed by the Court (Doc. #11, attachment #2, p. 3; Doc. #13, attachment #1, p. 2). Lastly, counsel asserts that she devoted 2 hours of her time to preparation of EAJA pleadings on January 16, 2005, while said pleadings were not filed until October 16, 2005 (Doc. #11, attachment #2, p. 3; Doc. #13, attachment #1, p. 2).

A thorough review of counsel's itemization reveals that counsel's itemization was not maintained or created contemporaneously with any action taken on behalf of Plaintiff in this

AO72A
(Rev. 8/82)

case. Therefore, the undersigned finds the Commissioner's argument has merit. Thus, plaintiff's counsel's application for EAJA fees (Doc. #11 & 12) must be denied in its entirety.

Accordingly, we find that counsel is not entitled to compensation for an attorney's fee award under the *EAJA*.

The parties are reminded that at such time as is appropriate, plaintiff's counsel may seek a reasonable fee pursuant to *42 U.S.C. § 406*.

IT IS SO ORDERED this 17th day of May, 2006.

        /s/ Bobby E. Shepherd
        HONORABLE BOBBY E. SHEPHERD
        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)