IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHARON R. BALL                                                                                    PLAINTIFF

v.                                        CIVIL NO. 04-6066

LINDA S. MCMAHON,[1] Commissioner
Social Security Administration                                                                DEFENDANT

## O R D E R

Plaintiff, Sharon Ball, appealed the Commissioner's denial of benefits to this court. On August 30, 2005, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10). On October 16, 2005, plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). However, due to plaintiff's failure to reply to the Commissioner's objections, failure to file an amended itemization of her time records, and failure to offer any explanation of the deficiencies within her time records, plaintiff's motion was denied by this court. (Tr. 14). As such, on May 17, 2006, this court entered an order finding that plaintiff's counsel was not entitled to receive fees pursuant to the EAJA.

On June 7, 2006, plaintiff again filed a motion for attorney's fees under the EAJA, requesting compensation for 22.50 attorney hours work before the court at an hourly rate of $150.00 per hour. (Doc. # 17). The defendant has filed a response objecting to the award of

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

attorneys fees on the basis that the previous motion was denied by this court and that the current motion is untimely.  (Doc. # 18).

A request for an award of attorney's fees and costs under the EAJA may be filed up until 30 days after the judgment becomes "not appealable" i.e., 30 days after the 60-day time for appeal has ended.  *See Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993); 28 U.S.C. §§ 2412(d)(1)(B),(d)(2)(G).   Therefore, to be timely, a request for attorney's fees under the EAJA should have been filed no later than November 28, 2005.  Plaintiff's counsel filed this petition requesting attorney's fees under the EAJA on June 7, 2006.  Since plaintiff's counsel filed the petition for fees after the deadline for filing said petition had expired, plaintiff's request for attorney's fees under the EAJA is denied as untimely.[2]  (Doc. 17).

IT IS SO ORDERED this 7th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[2]Even if plaintiff's motion had been filed in a timely fashion, it would still be denied. After reviewing plaintiff's motion, in conjunction with her reply, it is clear that plaintiff's pleadings still contain numerous inconsistencies.  (Doc. 17, 21).